**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Shlomo Lefkowitz,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Credit Control, LLC<br><br>Defendants. | Case No.: 3:25-cv-13489-GC-RLS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shlomo Lefkowitz ("Plaintiff") brings this First Amended Class Action Complaint by and through his attorneys, against Defendant Credit Control, LLC ("Credit Control"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure “that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of New Jersey in the County of Ocean.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant Credit Control can be served with process in New Jersey c/o CT Corporation System, located at 820 Bear Tavern Road, #305, Trenton, NJ, 08628

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in the State of New Jersey;

b. to whom Defendant sent an initial collection letter;

c. attempting to collect a consumer debt;

d. that provides charges for fees;

e. and does not disclose if fees are continuing to accrue;

f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to July 10, 2024, an obligation was allegedly incurred by Plaintiff to Verizon Communications, Inc. ("Verizon").

22. Plaintiff disputes that all or part of this debt is a valid debt.

23. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes, specifically personal telecommunications services.

24. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

25. The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. Upon information and belief, Verizon contracted with the Defendant to collect the alleged debt.

28. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violation –October 28, 2024 Collection Letter*

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 28 above herein with the same force and effect as if the same were set forth at length herein.

30. On or about October 28, 2024 Defendant sent Plaintiff an initial collection letter regarding the alleged debt owed to Verizon. *See* Letter attached as Exhibit A.

31. The collection letter states in relevant part states on the first page:

**Our information shows:**

You had an account with Verizon Wireless with account number ending in 072684*********.
As of 07/10/2024, you owed: $213.25

Between 07/10/2024 and today:

| | |
|---|---|
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $38.38 |
| You were paid or were credited this amount toward the debt | - $0.00 |
| **Total amount of the debt now:** | $251.63 |

*See* Exhibit A.

32. This initial collection letter of requested payment of $251.63 results from Plaintiff's alleged debt with Verizon.

33. Plaintiff disputes the amounts alleged as owed on this debt.

34. Specifically, the underlying debt stems from a Verizon WiFi box that Plaintiff, had attempted to return for about a year prior.

35. Plaintiff made multiple requests for a return shipping label with Verizon to return the equipment; however, the necessary label was never provided.

36. Even after asking for a new return shipping label, Verizon failed to accede to Plaintiff's request.

37. As demonstrated by these phone calls, Plaintiff showed an eagerness to resolve the alleged debt with Verizon.

38. Sometime after receipt of Defendant's Letter, Plaintiff called Defendant several times and explained the situation regarding the unreturned box, in an effort to resolve the matter.

39. Defendant's agents informed Plaintiff that they "can't help him" with the return and insisted that he "has to pay the balance," ignoring the fact that the debt exists because the return was obstructed.

40. The Letter further fails to provide any explanation or breakdown on why Plaintiff was charged $38.38 in fees for dates between "07/10/2024 and today".

41. The $38.38 fee was tacked on to Plaintiff's outstanding balance and increased without explanation or warning from prior a prior debt collector initial collection letter.

42. Such a large fee in relation to the over debt when applied so quickly after the initial balance was allegedly due , without explanation or prior agreement, is unfair and unreasonable.

43. Moreover, the Letter fails to specify whether interest or fees would continue to accrue, the amount of such charges, or the intervals at which they would be applied.

44. Plaintiff was left confused and concerned that, due to the proximity of fees being added from the date the initial balance was allegedly due and the general lack of transparency whether additional interest or fees would continue to accrue without further explanation or breakdown of such charges.

45. These are material terms that were omitted by the Defendant.

46. The omission of such material terms creates confusion, ambiguity, and uncertainty as to the veracity and validity of the debt.

47. The Letter—with its arbitrary, unexplained fees and ambiguity regarding future charges—triggered high stress and anxiety.

48. Plaintiff suffered from lost sleep and a sense of helplessness, fearing that he was trapped in a debt that would indefinitely increase beyond his control.

49. As a direct result of Defendant's lack of transparency, Plaintiff was forced to divert significant and valuable time away from his employment and personal responsibilities to investigate these charges.

50. Plaintiff spent significant time attempting to locate old Verizon statements, researching the legality of the fees, and trying to reconcile Defendant's math.

51. This diversion of time represents a concrete injury to Plaintiff's daily life.

52. Furthermore, upon information and belief, the existence of this inflated and confusingly calculated debt has, has negatively impact Plaintiff's creditworthiness.

53. Plaintiff maintains a good credit rating; however, this specific debt was reported as "negative" on his credit report report causing concrete financial harm.

54. This lack of clarity paralyzed Plaintiff's financial decision-making. He was afraid to ignore the debt, yet was unable to pay it with certainty because Defendant refused to confirm if the balance was final or increasing.

55. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

56. Due to Defendant's actions, Plaintiff expended time and money in determining the proper course of action in response.

57. These violations by the Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

58. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia,

because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

60. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

61. Plaintiff was confused and misled to his detriment by the statements in the letter and relied on the contents of the letter to his detriment.

62. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

63. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 62 above herein with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated §1692e:

a. by failing to provide any explanation or adequate breakdown for added fees to

the initial obligation;

b. by adding fees without stating whether future interest or fees would be accrued to the initial obligation;

c. by applying fees too quickly without adequate notice or in a manner consistent with the original agreement;

d. and by making a false and misleading representation/omissions in violation of §1692e(10).

e. by asserting Plaintiff 'has to pay the balance' while ignoring Plaintiff's explanation that he was actively trying to return the equipment causing the debt, but was not given a return label to do so.

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant’s conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys’ fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

68. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 62 as if set forth herein.

69. Defendant’s debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

71. Defendant violated §1692f:

a. by failing to provide any explanation or adequate breakdown for added fees to the original obligation;

b. by adding fees without stating whether future interest or fees would be accrued to the initial obligation;

c. by applying fees too quickly without adequate notice or in a manner consistent with the original agreement.

d. by asserting Plaintiff 'has to pay the balance' while ignoring Plaintiff's explanation that he was actively trying to return the equipment causing the debt, but was not given a return label to do so.

72. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT \15 U.S.C. §1692g *et seq.***

73. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 62 as if set forth herein.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

76. Defendant violated Section 1692g

a. by failing to provide any explanation or adequate breakdown for added fees to the original obligation;

b. by adding fees without stating whether future interest or fees would be accrued to the initial obligation;

c. by applying fees too quickly without adequate notice or in a manner consistent with the original agreement.

77. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shlomo Lefkowitz, individually and on behalf of all others similarly situated, demands judgment from Defendant Credit Control, LLC as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and undersigned as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 5, 2025

Respectfully submitted,

*/s/ Yaakov Saks*

**Stein Saks, PLLC**
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Ysaks@steinsakslegal.com
*Attorneys for Plaintiff*